**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

|  |  |
|---|---|
| SNAP, INC., ) )         Plaintiff, ) ) v. ) ) THE UNITED STATES, ) )         Defendant. ) ) | Case No. 20-1318 Senior Judge Charles F. Lettow |

**KARSUN SOLUTIONS, LLC'S UNOPPOSED MOTION TO INTERVENE**

    Karsun Solutions, LLC ("Karsun"), by and through its undersigned counsel, respectfully files this Unopposed Motion to Intervene ("Motion" or "Motion to Intervene") as a defendant-intervenor in the above-captioned bid protest filed by plaintiff SNAP, Inc. ("SNAP") pursuant to Rule 24(a) of the Rules of the Court of Federal Claims ("RCFC") and, in the alternative, pursuant to RCFC 24(b). The above-captioned bid protest is directly related to the bid protest recently filed on behalf of Harmonia Holdings Group, LLC, in Case No. 20-1300, over which this same Court presides, and in which this same Court has granted Karsun's analogous Motion to Intervene.

    In accordance with RCFC 24, intervention is proper for the reasons described below because (a) Karsun has timely applied for intervention on the same day that SNAP filed the bid protest, (b) Karsun is the recipient of Call Order No. 47QFPA20F0111 (the "Call Order") awarded under Request for Quotations No. 47QFPA20Q0008 ("RFQ" or "Solicitation"), which is the subject of SNAP's protest, (c) Karsun's protection of its interest may be impaired or impeded without its participation, and (d) Karsun's interest will not be adequately represented by the

existing parties. Undersigned counsel spoke with both counsel for plaintiff and counsel for defendant, and neither opposes the filing of this Motion to Intervene.

On September 24, 2020, the U.S. General Services Administration ("GSA" or "Agency"), on behalf of the GSA Office of Government-wide Policy, awarded to Karsun the Call Order for the Dashboard Rationalization Project (the "Project"). The Project requires modernizing and innovating the Federal Information Technology ("IT") Dashboard and Digital Dashboard by providing IT-related personnel, administration, management, and support services, including backend system/application development within the Data to Decisions platform, operations and maintenance, data management, data transformation, data integration, IT security support, and data analytics, visualization, and reporting for the Federal IT Dashboard and Digital Dashboard, as well as 508 compliance, identity management, and digital strategy. GSA awarded the Call Order under the Solicitation pursuant to an existing Blanket Purchase Agreement ("BPA") with Karsun—BPA No. 47QFPA20A0003.

On October 5, 2020, SNAP filed its Complaint with this Court, protesting the Agency's evaluation of the offerors' quotations and award of the Call Order to Karsun. Counsel for Karsun has not yet had an opportunity to review a copy of the Complaint filed under seal but has reviewed SNAP's Proposed Redacted Complaint. Based on the Proposed Redacted Complaint, and consistent with discussions with counsel for defendant, it is undersigned counsel's understanding that SNAP's Complaint challenges aspects of the procurement that directly concern Karsun's quotation, including the Agency's technical evaluation and best value tradeoff decision. Moreover, SNAP requests that the Court, among other remedies, permanently enjoin the Agency from proceeding with performance of the award to Karsun and instead reopen discussions, reevaluate quotations, and issue a new award decision.

The Court should grant Karsun's Motion to Intervene pursuant to RCFC 24(a)(2), which permits intervention as a matter of right when the party seeking to intervene, on timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  In reviewing such a motion, "the requirements for intervention are to be construed in favor of intervention."  *Am. Mar. Transp., Inc. v. United States,* 870 F.2d 1559, 1561 (Fed. Cir. 1989); *Coastal Int'l Sec., Inc. v. United States,* 93 Fed. Cl. 502, 526 (2010).  Further, this Court has held that "[u]nder RCFC 24(a), the awardee has a clear right to intervene in a bid protest in which that award is being challenged, when intervention has been moved for in a timely fashion."  *Slaughter v. United States*, No. 19-683, 2019 U.S. Claims LEXIS 591, at *1 (Fed. Cl. May 31, 2019) (citing RCFC 24(a)); *see also NetCentrics Corp. v. United States*, No. 19-839, 2019 U.S. Claims LEXIS 1666, at *1 (Fed. Cl. Nov. 6, 2019).

Karsun's Motion to Intervene is timely, as the Motion was filed on the same day that plaintiff filed its Complaint.

As the awardee under the Solicitation that is the subject of this litigation, Karsun has a direct, immediate, and substantial interest in the subject-matter of this action, and Karsun's ability to protect its interests as awardee would be impaired if the Court was to deny this Motion.  *See* RCFC 24(a)(2); *NetCentrics Corp.*, 2019 U.S. Claims LEXIS 1666, at *1–2; *Am. Renovation & Constr. Co. v. United States*, 65 Fed. Cl. 254, 260 (2005).  Disposition of this action as requested by plaintiff will, as a practical matter, impair or impede Karsun's property interest in the awarded order.

Intervention is also proper because Karsun's interests are not adequately protected by the United States. Courts require only a "minimal" burden to show that intervention is necessary on the ground that representation by existing parties may be inadequate. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

The United States' interests, which may be driven by policy agendas, may diverge from Karsun's more narrowly focused interest in this procurement. Karsun's primary interests are to preserve its status as the awardee. In contrast, the United States' interests in defending this matter will be more focused on the preservation of the discretion of agency officials and will take into account broader GSA objectives. When the party that is expected to represent the intervenor's interests is a government body or officer, there is no presumption that such representation would be adequate, unless that body or officer is charged by law to represent the interests of the absentee. *See Natural Res. Def. Council v. EPA*, 99 F.R.D. 607, 610 n.5 (D.D.C. 1983); *Dimond v. District of Columbia*, 792 F.2d 179, 192–94 (D.C. Cir. 1986) (insurance companies permitted to intervene in support of insurance statute that the government was already defending); *see also Karuk Tribe of Cal. v. United States*, 28 Fed. Cl. 694, at 697–98 (1993) (concluding that the United States, as a trustee, "must represent the interests of all Indians" but even then "[t]o the extent that the interest of the Tribe and those of the plaintiffs conflict, the United States' ability to represent all Indians is compromised"). Accordingly, Karsun and defendant's respective interests are not equivalent with respect to litigating this action, and defendant does not adequately represent Karsun's interests in this matter. *See Slaughter*, 2019 U.S. Claims LEXIS, at *2 ("An awardee can readily meet these prongs because of its economic interest in maintaining the award that is the subject matter of the litigation—the impairment of which is evident by the loss of the contract—and because the government's interest in a contract is not equivalent to a contractor's economic interest in

maintaining its position as awardee."). As such, and because neither plaintiff nor defendant oppose this Motion, the Court should grant Karsun's Motion to Intervene pursuant to RCFC 24(a)(2).

Alternatively, the Court should grant Karsun's Motion to Intervene in accordance with RCFC 24(b), which provides for permissive intervention when the party "has a claim or defense that shares with the main action a common question of law or fact." This Court has "broad discretion in deciding whether to allow permissive intervention," provided that the underlying motion is timely filed and does not unduly delay or prejudice the adjudication of the case. *See ACME Worldwide Enters. v. United States*, 137 Fed. Cl. 469, 477 (2018). As explained above, Karsun filed its Motion to Intervene on the same day that plaintiff filed its Complaint, and neither plaintiff nor defendant opposes the filing of this Motion. Accordingly, Karsun's Motion is both timely and does not prejudice or unduly delay the Court's adjudication of this case. Finally, as the awardee under the contested Solicitation, Karsun has a "claim or defense that shares with the main action a common question of law or fact." *See* RCFC 24(b). Though Karsun does not know the specifics of plaintiff's Complaint, as explained above, undersigned counsel understands that plaintiff is challenging aspects of the Agency's procurement that directly affect Karsun, including, potentially, the Agency's technical evaluations of Karsun's proposal. Plaintiff is also expected to challenge the Agency's source selection decision, which necessarily involves Karsun's awarded Call Order. As such, Karsun reasonably expects that it has a "claim or defense that shares with the main action a common question of law or fact." *See id.* The Court should therefore grant Karsun's Motion to Intervene pursuant to RCFC 24(b).

For the foregoing reasons, Karsun respectfully requests that the Court grant its Unopposed Motion to Intervene.

        Respectfully submitted,

        s/ Rebecca E. Pearson
        Rebecca E. Pearson
        Venable LLP
        600 Massachusetts Avenue, NW
        Washington, DC 20001
        **Telephone:** (202) 344-8183
        **Fax:** (202) 344-8300
        **Email:** REPearson@Venable.com
        *Counsel for Proposed Defendant-Intervenor Karsun Solutions, LLC*

Of Counsel:

J. Scott Hommer, III
Venable LLP
8010 Towers Crescent Drive
Suite 300
Tysons, VA 22182
**Telephone:** (703) 760-1658
**Fax:** (703) 821-8949
**Email:** SHommer@Venable.com

Christopher G. Griesedieck
Krista A. Nunez
Taylor A. Hillman
Venable LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
**Telephone:** (202) 344-4000
**Fax:** (202) 344-8300
**Email:** CGGriesedieck@Venable.com
KANunez@Venable.com
TAHillman@Venable.com

Date: October 5, 2020

## **CERTIFICATE OF SERVICE**

On this 5th day of October 2020, I hereby certify that, on behalf of Karsun Solutions, LLC, I filed this Unopposed Motion to Intervene using the Court's Electronic Case Management Filing System ("CM/ECF"). In accordance with this Court's Rules, I understand that my filing of this Motion through CM/ECF caused copies of the foregoing to be served on all relevant parties.

s/ Rebecca E. Pearson
Rebecca E. Pearson
Venable LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
**Telephone:** (202) 344-8183
**Fax:** (202) 344-8300
**Email:** REPearson@Venable.com
*Counsel for Proposed Defendant-Intervenor Karsun Solutions, LLC*
